# NO. 22-1617

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

REMY HOLDINGS INTERNATIONAL, LLC,

Plaintiffs - Appellant

v.

FISHER AUTO PARTS, INC,

Defendant - Appellee,

_____

## MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF AND JOINT APPENDIX

Counsel for the appellant, Remy Holdings International, LLC ("REMY"), Pursuant to Federal Rules of Appellate Procedure 26(b) and 31(c) respectfully moves this Court for an extension of time in which to file the Opening Brief and Joint Appendix from its currently scheduled due date of June 27, 2022.

1. This matter involves approximately six (6) separate assignments of error that Remy contends occurred during the pendency of the matter in the United States District Court of the Western District of Virginia. Most of these assignments of error require separate record documentation for both the anticipated argument and likely response from appellee Fisher Auto Parts, Inc ("FISHER").

2. The Parties have coordinated effort to compile a list of necessary record

materials that should be included within the proposed Joint Appendix.

3. As of the time of filing, Remy has retained the services of Lantagne Legal Printing to assist with the preparation of the Joint Appendix. Currently, it is believed that the Joint Appendix will approach, if not exceed, 22,000 pages. This voluminous page count even considers the agreement of the Parties to remove other extensive documentation that is very likely not relevant.

4. The voluminous nature of the Joint Appendix stems from very fact intensive summary judgment briefings. Indeed, each party initially moved for summary judgment. Each motion, memorandum, and the exhibits attached thereto (seventy-four (74) of which were attached to Fisher 's memorandum in opposition to Remy's motion for summary judgment). In addition, many of these exhibits were filed under seal at Fisher's express request and demand.

5. Lantagne Legal Printing, a well-respected, local printing service with unique expertise in assisting litigants conform briefings and appendices to this Court's Rules, has indicated that an extension of thirty (30) days is necessary to prepare the voluminous Joint Appendix.

6. In addition to the anticipated sheer volume of the Joint Appendix, Lantagne has also identified other potential issues that foreclose its ability to compile the Joint Appendix by July 27, 2022. One such reason includes the necessity to ensure materials filed under seal within the district court litigation are properly sealed

in conjunction with this Appeal.

7. Under Rule 26(b) of the Federal Rules of Appellate Procedure, the Court may, for good cause shown, "extend the time prescribed these rules or by its orders to perform any act." Fed. R. App. P. 26(b). Circuit courts are "given broad discretion" in determining whether good cause exists to extend the time for the completion of an action required by the rules or its orders. *See U.S. v. Marsh*, 944 F.3d 524, 530 (4th Cir. 2019).

8. Good cause exists for Remy's proactive request in that the Parties have diligently pursued exchanging an agreeable designation of materials for the Joint Appendix and have collaboratively resolved issues related to the filing of Digital Media.

9. Simply put, Lantagne Legal Printing is not able to prepare the voluminous Joint Appendix in time for Remy to finalize its Opening Brief, both of which are due on July 27, 2022.

10. In addition to the volume and sealed nature of documents, Lantagne foresees other issues that must be resolved in order to comply with this Court's rules, so as to avoid rejection of the Joint Appendix.

11. Remy does not anticipate any prejudice to Fisher. Indeed, Fisher, too, benefits from the proper submission of the Parties' agreed to Joint Appendix by having the benefit of proper record citations in preparing its brief in opposition to

3

Remy's Opening Brief.

12. Accordingly, Remy seeks the extension of its time to files its Opening Brief and the attendant Joint Appendix for a period of thirty (30) days, or on or before August 24, 2022.

13. No dilatory tactics or neglect of either party results in the need to seek this extension.

14. When asked to join Remy in making this motion, counsel for Fisher replied that, "Fisher is not inclined to extend the time for Remy to file its opening brief and the joint appendix, especially not 30 days."

WHEREFORE, based upon the foregoing and good cause shown, the Appellant requests a 30-day extension of time to file its Opening Brief and the Joint Appendix.

Respectfully submitted,

*/s/ David W. Hearn*
David W. Hearn
SANDS ANDERSON, PC
1111 East Main Street
Richmond, VA 23219
804-783-7285
dhearn@sandsanderson.com

## **CERTIFICATE OF SERVICE**

I certify that, on July 22, 2022, I electronically filed the foregoing Motion for Extension of Time with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                             */s/ David W. Hearn*
                                             David W. Hearn