# No. 22-1617

## In the
## United States Court of Appeals
## For the Fourth Circuit

———————

REMY HOLDINGS INTERNATIONAL, LLC,
*Plaintiff-Appellant,*

v.

FISHER AUTO PARTS, INC.,
*Defendant-Appellee.*

———————

On Appeal from the United States District Court
for the Western District of Virginia at Harrisonburg
Case 5:19-cv-00021-EKD-JCH

———————

**MOTION FOR RECONSIDERATION TO OPPOSE EXTENSION OF TIME TO FILE OPENING BRIEF AND JOINT APPENDIX**

———————

This morning the Court granted Remy a 30-day extension of time to file its opening brief and joint appendix, before Fisher Auto Parts, Inc. had a chance to oppose it. (Order, Dkt. No. 15.) Under Local Rule 27(b), Fisher Auto Parts, Inc. now moves for reconsideration of the Order, and opposes the 30-day extension.

Remy's reason for the extension was that the printer needs more time to compile and produce a 22,000-page appendix. *See* Dkt. No. 14 (Remy Motion).

1

This Court should grant Remy no more than 7 extra days, until August 3, 2022, to file its opening brief and joint appendix. There is no justification for a monstrous 22,000-page appendix in this case.

This dispute concerns straightforward breach-of-contract claims that were resolved in a 5-day trial. The dispute does not involve lengthy contracts, highly technical subjects, or a multi-month trial that might warrant a lengthy appendix totaling tens of thousands of pages and dozens of volumes. Even if Remy plans to dispute the jury's findings on broad evidentiary grounds, the entire trial transcript is fewer than 1,400 pages. (*See* District Court Dkt. Nos. 310, 313, 318, 322, 324.) It is hardly possible that any brief in this case will cite or meaningfully rely on 22,000 pages. And the rules are clear that "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix." FED. R. APP. P. 30(a)(2).

Fisher will also be prejudiced by a 30-day extension. Remy did not post an appeal bond or provide any other security to secure Fisher's nearly $2-million judgment against Remy. Without any security for Fisher's judgment, delay to this litigation only further jeopardizes Fisher's ability to collect. To mitigate these risks and avoid prejudicing Fisher's ability to collect its judgment, the Court should deny Remy's motion or grant it only in part.

Fisher requests that this Court grant its Motion for Reconsideration and give Remy only 7 additional days, until August 3, 2022, to file its opening brief and joint appendix. This would acknowledge the lack of any need for a 22,000-page appendix and effectively pare it down to a more reasonable size.

Dated: July 25, 2022

Respectfully submitted,

/s/ Lyle D. Kossis

Ryan D. Frei
Matthew A. Fitzgerald
Lyle D. Kossis
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-1134
F: (804) 698-2168
rfrei@mcguirewoods.com
mfitzgerald@mcguirewoods.com
lkossis@mcguirewoods.com

*Counsel for Defendant-Appellee Fisher Auto Parts, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because the motion contains 361 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

*/s/ Lyle D. Kossis*

*Counsel for Defendant-Appellee*
*Fisher Auto Parts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2022, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF System, which will send a notification of electronic filing to all counsel of record who are registered CM/ECF users.

/s/ Lyle D. Kossis

*Counsel for Defendant-Appellee*
*Fisher Auto Parts, Inc.*